UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 05 324

| | |
|---|---|
| FURGUS WILSON, Plaintiff, -against- STILES MACHINERY, INC., Defendant. | COMPLAINT AND DEMAND FOR JURY TRIAL<br>Case No: 05-CV-____ |

Plaintiff, by the undersigned attorneys, for his complaint, upon personal knowledge as to his own acts, and upon the investigation made by and through his attorneys, alleges the following. Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth below after a reasonable opportunity for discovery.

**NATURE OF THE CLAIM**

1. Plaintiff seeks declaratory relief and monetary damages for defendant's willful violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 29 U.S.C. §216(b).

3. Venue is proper in this district because the defendant violated the statute at issue in this district and the plaintiff worked for defendant in this district.

**PARTIES**

4. Plaintiff Furgus Wilson ("Wilson"), an individual, is a resident of Cherokee County, Georgia.

5. Defendant Stiles Machinery, Inc. ("Stiles") is a corporation, upon information and

(1)

belief, headquartered in Grand Rapids, Michigan. Stiles has clients in various states in the United States, including Rhode Island. Stiles regularly conducts business in this district.

6. Stiles is an "employer" under the FLSA.

7. At all relevant times, Wilson was an employee of defendant as defined by the FLSA.

8. From approximately November 28, 2003 until October 17, 2004 Wilson worked almost exclusively on site at one of defendant's clients, Monarch Industries, located in Warren, Rhode Island.

9. From approximately June 2001 until November 2003 Wilson worked on site at one of defendant's clients located in Ohio.

**FACTS**

10. Defendant provides service and support to customers throughout the United States who use wood working equipment imported by defendant to manufacture, among other things, office furniture, store fixtures, and kitchen cabinetry.

11. Defendant hired Wilson in 1997 as a project manager, and paid him as an exempt employee under the FLSA.

12. Much of plaintiff's time, however, was spent performing manual labor, including installing and servicing machines imported by defendant.

13. In light of the actual duties performed by Wilson he was not exempt from the overtime requirements of the FLSA.

14. Wilson routinely worked more than forty hours each workweek. Defendant knew or should have known this.

15. Defendant failed to pay Wilson one and one-half times his regular rate for all hours worked over forty in a workweek.

16. Defendant paid Wilson a fixed salary for all hours worked in a week even if he worked more than forty hours.

17. This failure to pay proper overtime was willful.

**FIRST CAUSE OF ACTION**

Violation of the FLSA

19. Plaintiff realleges the above paragraphs as if fully restated herein.

20. Defendant's failure to pay proper overtime for all hours worked over forty in a workweek violates the FLSA.

21. Defendant willfully violated the FLSA.

*WHEREFORE,* plaintiff demands judgment as follows:

(a) an order preliminarily and permanently enjoining defendant from engaging in the aforementioned conduct;

(b) compensatory damages equal to the unpaid wages, including applicable fringe benefits,

(c) an equal amount in liquidated damages;

(d) reasonable attorneys' fees and costs;

(e) pre-judgment interest; and

(f) such other and further legal and/or equitable relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Dated: July 20, 2005

Respectfully submitted,

Rajaram Suryanarayan
Gunning & LaFazia, Inc.
56 Pine St. – 7th Fl.
Providence, RI 02903
(401) 521-6900
(401) 521-6901 (facsimile)

Jeffrey D. Pollack (JP-1409)
Mintz & Gold LLP
470 Park Ave. So., 10th Fl. - North
New York, NY 10016
(212) 696-4848
(212) 696-1231 (facsimile)

Attorneys for Plaintiff