**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

FURGUS WILSON :
Plaintiff :
:
vs. : C.A. No. 05-CV-324ML
:
STILES MACHINERY, INC. :
Defendant

**ANSWER**

Defendant answers the complaint as follows:

1. Admitted, except defendant denies that it violated the Fair Labor Standards Act of 1938.

2. Admitted, except defendant denies that it has violated the Fair Labor Standards Act of 1938.

3. Denied, except defendant admits that plaintiff performed work for defendant in this district.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except defendant admits that plaintiff is an individual.

5. Defendant admits the allegations in the first sentence of this paragraph. Defendant admits that it sells products to customers in various states, including Rhode Island. Defendant denies that it regularly conducts business in Rhode Island.

6. This paragraph states a legal conclusion to which no answer is required.

7. Defendant admits the allegations in this paragraph.

8. Defendant admits that during the referenced time period plaintiff performed work at Monarch Industries in Warren, Rhode Island.

9. Defendant admits that during the referenced time period plaintiff performed work at one of defendant's customers in Ohio.

10. Defendant admits the allegations in this paragraph.

11. Defendant admits the allegations in this paragraph.

12. Denied.

13. This paragraph states a legal conclusion to which no answer is required.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendant admits the allegations in this paragraph.

16. Defendant admits the allegations in this paragraph.

17. Denied.

19. Defendant repeats and incorporates its answers to paragraphs 1 through 17.

20. Denied.

21. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Some or all of the Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred because he was an exempt executive employee and/or an exempt administrative employee within the meaning of the Fair Labor Standards Act.

4. Plaintiff's claim for liquidated damages is barred because defendant acted in good faith and had reasonable grounds for believing that its actions did not violate the Fair Labor Standards Act.

5. Plaintiff's claims may be barred in whole or in part by laches, waiver, estoppel, unclean hands, or similar legal or equitable doctrine.

6. Plaintiff's claims may be barred because defendant relied in good faith on an administrative ruling, order, or interpretation of the Fair Labor Standards Act.

WHEREFORE, defendant requests plaintiff's complaint be dismissed with prejudice, that a judgment of no cause of action be entered in favor of defendant and that defendant recover its costs and attorneys fees.

STILES MACHINERY, INC.

By its Attorneys,

Michael F. Kraemer (#6751)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 Fax

Dated: September 26, 2005

#676112v1