RECEIVED
MAR 21 2006
Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FURGUS WILSON,

Plaintiff, C.A. No.: 05-CV-324ML S

v.

STILES MACHINERY, INC.

Defendant.

## STIPULATED PROTECTIVE ORDER

The parties, by their respective attorneys of record, hereby stipulate and agree as follows:

1. This Order governs the use of all documents, information, objects, things, or compilations which have been or will be produced in response to Plaintiff's document request number 9, regarding formal or informal organizational charts, as well as any copies and summaries thereof.

2. Any party who provides information to the other party relating to these discovery requests may designate as "CONFIDENTIAL" any material which it produces when such party in good faith believes such material contains trade secrets, non-public information relating to customers of any party, personal information regarding current and former employees, or sensitive commercial, financial, technical, or proprietary business information. The term "CONFIDENTIAL MATERIALS" shall include all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to, copies and summaries thereof.

3. CONFIDENTIAL MATERIALS shall be subject to the following restrictions:

(a) All materials produced by the parties in this matter, including all CONFIDENTIAL MATERIALS, shall be used solely for the preparation of the trial or appeal of this litigation, or for purposes of settlement, and not for any other purpose, and shall not be disclosed, given, shown, made available, or communicated, directly or indirectly, in any way to anyone except those authorized persons set forth below if it is necessary that such CONFIDENTIAL MATERIALS be given or shown for the purposes permitted under this paragraph 4.

(b) CONFIDENTIAL MATERIALS specifically designated "CONFIDENTIAL," or an equivalent designation, shall be disclosed, for the purposes set forth above in paragraph 4(a) only to:

(i) the parties to this litigation and/or their employees who need access to CONFIDENTIAL MATERIALS for the purpose articulated in paragraph 4(a) above;

(ii) counsel of record in this matter for the parties to this litigation, including their support personnel;

(iii) bona fide independent experts or consultants for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with this litigation and who have agreed to be bound by this Protective Order;

(iv) witnesses, for purposes of discovery or trial, in which event such witnesses shall have agreed to be bound by this Protective Order, shall

only be shown the CONFIDENTIAL MATERIALS and shall not be allowed to retain copies; and

(v) any other person as to whom the providing party, or said party's legal representative, agrees to in writing.

4. Before any CONFIDENTIAL MATERIALS may be disclosed to any person designated in paragraphs 4(b)(iii), 4(b)(iv), or 4(c)(ii), he or she shall be required to read this Protective Order in its entirety and sign the attached Acknowledgment signifying his or her agreement to abide by its terms.

5. All portions of deposition transcripts that relate to any CONFIDENTIAL MATERIALS, or that contain or discuss CONFIDENTIAL MATERIALS, can be designated confidential and therefore subject to this Protective Order, either by counsel so stating during the deposition or by sending a written notice of confidentiality within 10 days after receipt of the transcript and exhibits of the deposition to all counsel of record for the parties to the action.

6. Nothing in this Stipulated Protective Order shall be construed to preclude, foreclose, or limit the right of any party to this litigation to use the CONFIDENTIAL MATERIALS as attachments to any documents filed with the Court in this matter or at the trial of this matter. However, if any CONFIDENTIAL MATERIALS are offered as an attachment to a document filed with the Court or any appellate court in this litigation, then such document shall be filed under seal and shall not become part of the public record. If any CONFIDENTIAL MATERIALS are to be offered into evidence, then the party asserting confidentiality shall so notify the court, and the court will then consider what steps, if any,

should be taken to protect the confidential information. The party offering such evidence shall have no responsibility to notify the court as to the claim of confidentiality.

7. Any party may, upon written notice to the other party, request a change in the designation of certain materials as "CONFIDENTIAL" and, may upon ten (10) days advance written notice to the other party, move the Court for a modification of the designation.

8. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by any party shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed. Nothing in this Protective Order shall require disclosure of material that counsel for a party or a third party contends, in good faith, is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. Nor shall any provision of this Protective Order constitute a waiver of any objections either party has asserted or will assert to any current or future discovery requests.

9. The provisions of this Protective Order shall continue in effect with respect to any CONFIDENTIAL MATERIALS until expressly released by the producing party, and such effectiveness shall survive the entry of a final judgment herein. All CONFIDENTIAL MATERIALS and any copies, reproductions, and summaries thereof, except for attorney-client privileged material or attorney work-product, shall be returned and surrendered to the producing party upon conclusion of this action. Alternatively, upon conclusion of this action, counsel for the parties may destroy the CONFIDENTIAL MATERIALS and any copies, reproductions, and summaries made of them and provide a written statement to opposing counsel affirming that the CONFIDENTIAL MATERIALS and all copies have been destroyed. Counsel shall make all reasonable efforts to retrieve any CONFIDENTIAL

RECEIVED
Property of U.S. District Court
District of Rhode Island
2006

MATERIALS from any party or other person to whom such CONFIDENTIAL MATERIALS have been given.

10. Upon execution of this Stipulation by the parties, by and through their attorneys, the terms of the Stipulation and the attached Protective Order shall be binding, regardless of whether the Court enters the Order attached hereto.

11. This Protective Order may be amended by the agreement of counsel for the parties in the form of a stipulation.

Dated: March _____, 2006

Jeffrey D. Pollack (JP-1409)
Mintz & Gold LLP
470 Park Ave. So., 10th Fl. – North
New York, NY 10016
(212) 696-4848
(202) 696-1231

Attorneys for Plaintiff

Dated: March _____, 2006

Paul T. Sorensen (P29582)
Business Address:
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
(616) 752-2000
(616) 222-2135 (facsimile)

Attorneys for Defendant

ENTER
WILLIAM E. SMITH
U.S. DISTRICT JUDGE
DATE 4/3/06

MATERIALS from any party or other person to whom such CONFIDENTIAL MATERIALS have been given.

10. Upon execution of this Stipulation by the parties, by and through their attorneys, the terms of the Stipulation and the attached Protective Order shall be binding, regardless of whether the Court enters the Order attached hereto.

11. This Protective Order may be amended by the agreement of counsel for the parties in the form of a stipulation.

Dated: March _____, 2006

_____________________________
Jeffrey D. Pollack (JP-1409)
Mintz & Gold LLP
470 Park Ave. So., 10th Fl. – North
New York, NY 10016
(212) 696-4848
(202) 696-1231

Attorneys for Plaintiff

Dated: March _____, 2006

Paul T. Sorensen /s/
Paul T. Sorensen (P29582)
Business Address:
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
(616) 752-2000
(616) 222-2135 (facsimile)

Attorneys for Defendant

Dated: March 20, 2006

Michael F. Kraemer
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)

Co-Counsel for Defendant

# ACKNOWLEDGMENT

The undersigned acknowledges that he or she has read the Stipulated Protective Order in this matter in its entirety, understands the Stipulated Protective Order, and agrees to be bound by all its terms.

This____ day of ___________, ______.

________________________________
(signature)

________________________________
(print name)