UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

FURGUS WILSON,

Plaintiff, C.A. No.: 05-CV-324ML

v. **AFFIDAVIT OF LARRY HART**

STILES MACHINERY, INC.

Defendant.

## AFFIDAVIT

1. I have personal knowledge of the facts set forth in this affidavit.

2. I have been employed by Stiles Machinery since 1997.

3. My formal job title with Stiles is Regional Service Manager, Northeast Region, which is the position I have had since being hired by Stiles. My job functions include management/supervision of Stiles personnel who are on-site at customer locations.

4. From approximately December, 2003 through October, 2004, I supervised Furgus Wilson.

5. While Mr. Wilson was employed at Stiles, he was paid a salary that ranged from approximately $73,000 - $76,000.

6. Mr. Wilson was a project manager for Stiles. As a project manager, Mr. Wilson's primary duty while I supervised him was managing installation projects. Primarily, Mr. Wilson also planned and coordinated various service-related activities at customer sites.

7. Mr. Wilson supervised the installation of lines of equipment and coordinated technicians required to lead and complete the installation and provision of service-related activities.

8. During the period I supervised Mr. Wilson, he was the on-site project manager at Monarch Industries located in Rumford, Rhode Island. As the on-site project manager, Wilson represented Stiles on-site.

9. While at Monarch, Mr. Wilson did what Stiles referred to as "commissioning" of machine lines, which includes verifying that the machine line functions properly and produces appropriate finished products. During this process, Mr. Wilson inspected equipment, observed problems, considered necessary repairs and decided whether modifications were needed.

10. Mr. Wilson was responsible for routinely reporting on the progress of the installation while detailing any problems encountered. Mr. Wilson was expected to suggest and coordinate solutions to these problems and advise management on the problems and suggested suggestions. On occasion, in his discretion, Mr. Wilson assisted with physical service on machinery. This physical service was not Mr. Wilson's primary duty as project manager.

11. Mr. Wilson's tasks as Stiles main on-site contact required him to use his own discretion and independent judgment. Many times, Mr. Wilson was the only Stiles representative at these sites.

12. At these customer sites, Mr. Wilson was the primary contact between Stiles, the customer and the technicians. Mr. Wilson was responsible for customer support at these sites.

13. As part of his customer support duties while on-site, Wilson was in regular contact with clients, having conversations and meetings.

14. Mr. Wilson's success or failure at these customer sites was very important to Stiles and its customers. If the machine lines did not properly function, it could result in substantial business losses for both Stiles and its customers.

15. Based on Mr. Wilson's job title and duties, Stiles believed that Mr. Wilson was not entitled to overtime.

Dated: May 16, 2006

Larry Hart

Larry Hart

STATE OF Maine

COUNTY OF York

This instrument was acknowledged before me on May 16, 2006, by Larry Hart.

Marianne J Benedict

Notary Public, York County, Maine

MARIANNE J. BENEDICT
NOTARY PUBLIC
MY COMMISSION EXPIRES 09/04/09
STATE OF MAINE