UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

---

FURGUS WILSON,

Plaintiff, C.A. No.: 05-CV-324ML

v. **AFFIDAVIT OF CHUCK VANLOON**

STILES MACHINERY, INC.

Defendant.

**AFFIDAVIT**

1. I have personal knowledge of the facts set forth in this affidavit.

2. I have been employed by Stiles Machinery since 1994.

3. My formal job title with Stiles is Regional Service Manager, Great Lakes Region, which is the position I have had since being hired by Stiles. My job functions include management/supervision of Stiles personnel who are on-site at customer locations.

4. From approximately November of 2001 through November of 2003, I supervised Furgus Wilson.

5. Mr. Wilson's primary duty while I supervised him was managing installation projects as well as planning and coordinating various service-related activities at customer sites.

6. Mr. Wilson supervised the installation of lines of equipment and coordinated technicians required to lead and complete the installation and provision of service-related activities.

7. During the period I supervised Mr. Wilson, he represented Stiles as the on-site project manager at KraftMaid Cabinetry, located in Middlefield, Ohio.

8. Among his duties, Mr. Wilson did what Stiles referred to as "commissioning" of machine lines, which is an overall verification that the machine line functions properly and produces appropriate finished products. During this process, Mr. Wilson inspected equipment, observed problems, considered necessary repairs and decided whether modifications were needed.

9. Mr. Wilson also reported on the progress of the installation as well as any problems encountered. Mr. Wilson's duties included suggesting solutions to these problems, overseeing the solution to these problems, and advising management on the problems and suggested suggestions. On occasion, in his discretion, Mr. Wilson assisted with physical service on machinery. This physical service was not Mr. Wilson's primary duty as project manager.

10. Mr. Wilson's tasks as Stiles main on-site contact required him to use his own discretion and independent judgment. Many times, Mr. Wilson was the only Stiles representative at these sites.

11. At these customer sites, Mr. Wilson was the primary contact between Stiles, the customer and the technicians. Mr. Wilson was responsible for customer support at these sites.

12. Mr. Wilson's success or failure at these customer sites was very important to Stiles and its customers. If the machine lines did not properly function, it could result in substantial business losses for both Stiles and its customers.

13. Based on Mr. Wilson's job title and duties, Stiles believed that Mr. Wilson was not entitled to overtime.

Dated: 5/16/06

[signature]

Chuck VanLoon

STATE OF MICHIGAN

COUNTY OF KENT

This instrument was acknowledged before me on MAY 16th 2006, 2006, by SUSANNE MILLER-SCHACHINGER

[signature]

Notary Public, KENT County, MICHIGAN.

**SUSANNE MILLER-SCHACHINGER**
Notary Public, State of Michigan
County of Kent
My Commission Expires Sep. 14, 2012
Acting in the County of