UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FURGUS WILSON,

Plaintiff, C.A. 1:05-cv-00324WES

v.

STILES MACHINERY, INC.

Defendant.

---

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

1. Defendant Stiles Machinery, Inc. is a distributor of woodworking and panel-processing machinery and equipment. Stiles sells machinery, software, and production equipment for a wide variety of woodworking applications (Deposition of Chuck VanLoon at 18-19.)

2. Plaintiff, Fergus Wilson, was hired by Stiles in 1997 as a project manager. Complaint ¶ 11.

3. Stiles employed Wilson until 2004, when Wilson quit his job. (Wilson Deposition Exhibit 2.)

4. From approximately June 2001 until November 2003, Wilson worked as a project manager at a client site (KraftMaid) in Ohio. Complaint ¶ 9.

5. From approximately November 2003 until October 2004, Wilson worked as a project manager at a client site (Monarch) in Rhode Island. Complaint ¶ 8.

6. While at Stiles, Wilson was paid an annual salary that fluctuated between $73,000 and $76,000. (Affidavit of Larry Hart at ¶ 5.)

7. During his entire career at Stiles, Wilson's job title was Project Manager. (Deposition of Fergus Wilson at 22.)

8. Wilson's duties were laid out in his job description (which he signed, agreeing that he both read and discussed the description with his supervisor). (Wilson Deposition Exhibit 1.)

9. The job description provided that Wilson was responsible for management of project installations and follow-up to achieve maximum customer satisfaction; maintaining good customer relations; managing contractual agreements; coordinating installation technicians; supporting the objectives of Stiles; and giving monthly progress reports to the National Service Manager. *Id.*

10. At his deposition, Wilson did not dispute that these were his job duties. (Wilson Dep. at 104-109.)

11. In Wilson's letter of resignation, he stated that, while at Stiles, he did the work of a Project Manager. (Wilson Dep. Exhibit 2.)

12. Wilson has also stated: "[m]anaging multi-million dollar projects at various customer sites is my main job function." (Wilson Dep. Exhibit 3.)

13. Wilson would manage and oversee the installation of multiple machine lines at customer sites, act as Stiles front-line point of contact with the customer, and deal with any problems that might come up. (Affidavit of Larry Hart at ¶ 9.)

14. Wilson routinely reported back to Stiles regarding these problems and the overall status of the project. (Wilson Dep. at 53.)

15. Wilson would spend months (or sometimes even more than a year) at a particular customer's site to manage proper installation and performance of Stiles's products. (Wilson Dep. at 87.)

16. Wilson was responsible for developing, coordinating, and implementing an installation timeline with input from the customer, Stiles's sales engineers, relevant product managers, and service management. (Wilson Dep. at 106.)

17. Wilson also developed a basic plan for executing and controlling the project, including establishment of a chain of command. (Wilson Dep. 104-109; Dep. Exhibit 1.)

18. This plan would include manpower lists that reconciled with the installation timeline. (Wilson Dep. at 104-109; Dep. Exhibit 1.)

19. Wilson's installation duties also included studying contract documents to understand the equipment and relevant contractual obligations. (Wilson Dep. at 104-109; Dep. Exhibit 1.)

20. Wilson coordinated a team of service technicians that was tasked to solve problems during the installation process and initial operating period of the equipment. (Wilson Dep. at 28-29.)

21. Wilson was responsible for reviewing the personnel requirements and moving personnel in or out of the project as necessary. (Wilson Dep. at 105; Dep. Exhibit 1.)

22. Wilson stated that he was responsible for supervising technicians in his work experience as Project Manager for Stiles. (Dep. Exhibit 3.)

23. While on-site, Plaintiff was the primary contact between the customer, Stiles, and the installation personnel. (Wilson Dep. at 104-109.)

24. Wilson was in charge of customer support at Monarch and KraftMaid. (Affidavit of Larry Hart at ¶ 12; Affidavit of Chuck VanLoon at ¶ 11.)

25. In this role, Plaintiff coordinated project meetings with the customer. (Wilson Dep. at 104-109.) At these meetings, Wilson acted as a Stiles management representative and kept the customer informed of his responsibilities, installation schedule and whatever additional information could be useful to maintain a positive and proactive customer relationship (Wilson Dep. at 104-109; Van Loon Dep. at 34.)

26. Plaintiff was paid a salary for all hours worked. Complaint ¶ 16.

27. Plaintiff was paid as an exempt employee under the FLSA. Complaint ¶ 11.

28. Stiles is an "employer" under the FLSA. Complaint ¶ 7.

Dated: June 7, 2006

Michael F. Kraemer (#6751)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
Co-Counsel for Defendant

Paul T. Sorensen (Pro Hac Vice)
WARNER, NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
(616) 752-2000
(616) 222-2135 (facsimile)
Counsel for Defendant