UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-------------------------------------------------------------x

FURGUS WILSON,

Plaintiff,

-against-

STILES MACHINERY, INC.,

Defendant.

-------------------------------------------------------------x

Case No: 05-CV-324WES

**DECLARATION OF FURGUS WILSON IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

1. I am over 18 years of age and make this declaration upon personal knowledge and upon penalty of perjury in opposition to defendant's motion for summary judgment and in support of plaintiff's cross-motion for summary judgment.

2. I submit this declaration to provide information that was not discussed at my deposition, and to clarify some of the points discussed at the deposition.

3. Stiles hired me in 1997 supposedly as a project manager, classified me as an exempt employee, and paid me a salary with no compensation for overtime hours.

4. From approximately June 2001 until November 2003, I worked on site at one of defendant's customers, Kraftmaid. From approximately November 28, 2003 until October 17, 2004, when I resigned, I worked almost exclusively on site at another of defendant's customers, Monarch Industries ("Monarch"), located in Warren, Rhode Island.

5. From 2001 to the time of my resignation, I spent approximately seventy percent (70%) of my work time performing manual labor.

6. I communicated with my supervisors by email at least once each week, and via telephone at least several times per week.

7. I "addressed" problems with customer's machines by operating the equipment to produce samples, measuring the samples, and then making electrical and mechanical adjustments to the machine.

8. I had no role in designing or selling the Kraftmaid project.

9. I did not participate in the hiring, firing, or disciplining of any employees.

10. The "open items" lists I prepared for my supervisors merely expressed the customer's dismay; they did not involve the exercise of discretion or independent judgment on my part. I merely reiterated what the customer wanted. For example, Monarch managers told me that they wanted to run one size panel; I did not recommend that course of action.

11. My salary from December 1, 2002 until the time I resigned was $74,970.

12. Bob Guadagnoli observed me work for only approximately twenty-five percent (25%) of my time at Monarch. Thus, he has absolutely no idea what I did during the remaining 75% of my time.

13. Tom Anderson spent almost no time personally observing my work at Kraftmaid, thus he has almost no personal knowledge of what work I actually performed.

The foregoing is true to the best of my knowledge and belief.

Date: 6-12-06

Furgus Wilson