ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FURGUS WILSON, Plaintiff,

-against-

STILES MACHINERY, INC., Defendant.

Case No: 05-CV-324WES

**PLAINTIFF FURGUS WILSON'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

**I. Defendant Cannot Meet its Burden to Prove <u>That Plaintiff was an Exempt Administrative Employee.</u>**

The most telling point about defendant's opposition brief is its complete failure to address the administration versus production dichotomy set forth in the regulations, and discussed in plaintiff's brief. *See* Pl. Br. at 3-4. Not surprisingly, defendant also fails to refute Don LeBlanc's testimony that defendant "sold [Wilson's] services." *See* Pl. Br. at 4. Continuing its silence on this salient issue, defendant also fails to address plaintiff's argument that the Court should decide this case in accord with the Ninth Circuit's decision in *Bothell v. Phase Metrics Inc.*, 299 F.3d 1120 (9th Cir. 2002), where the court found that the plaintiff, whose duties were extremely similar to Wilson's, was not an exempt administrative employee. Instead, defendant relies on inapposite cases finding that the plaintiffs were executive employees. *See* Defendant's Opposition Brief ("D. O. Br.") at 4.

Defendant argues that plaintiff's work "directly related to management policies," but defendant's own authority shows the fatal flaw in this argument. In *Bratt v. County*

*of Los Angeles,* 912 F.2d 1066 (9th Cir.), *cert. denied,* 498 U.S. 1086 (1991), the court held that:

> The district court correctly captured the essence of this requirement by interpreting it to mean "the running of a business, and not merely . . . the day-to-day carrying out of its affairs."
>
> ***
>
> In addition, while the regulations provide that "servicing" a business may be administrative, id. § 541.205(b), "advising the management" as used in that subsection is directed at advice on matters that involve policy determinations, i.e., how a business should be run or run more efficiently, not merely providing information in the course of the customer's daily business operation.

912 F.2d at 1070. As discussed more fully in Wilson's original brief, Wilson was engaged in the day-to-day operations of Stiles' business, not the running of the business.

Defendant argues that "managing others is by definition of substantial importance . . . ." (D. O. Br. at 7). Without addressing the legal aspect of this argument, the factual problem for defendant is that Wilson did not manage anyone else. (Pl. Counter-Statement ¶ 8(e).)[1]

Defendant also argues that "plaintiff himself acknowledges [that] his primary duty was undertaking the responsibilities in his job description." (D. O. Br. at 5.) While plaintiff did acknowledge that he performed some of the duties identified in the job description, he <u>never</u> agreed that such was his primary duty.

---

[1] Ignoring Wilson's submission of his Counter-Statement of Undisputed Material Facts, defendant repeatedly misrepresents that Wilson did not provide any citations to record evidence. Defendant also claims that Wilson "cited only three examples of his discretion and independent judgment." (D. O. Br. at 9). Again, defendant misrepresents the record. Wilson argued that <u>defendant</u>, in its moving brief, cited only three examples of him allegedly exercising discretion and independent judgment. (Pl. Br. at 6, *citing* D. Br. at 17).

Defendant asserts that the plaintiff in *Lutz v. Ameritech Corp.,* 208 F.3d 214, 2000 WL 245485 (6th Cir. 2000), worked with "clients." (D. O. Br. at 8). A review of that decision, however, plainly shows that the plaintiff there dealt only with the defendant's own employees, providing them access to the intra-company computer network; he did not deal with his employer's customers. *See* 2000 WL 245485 at *3 (plaintiff "design[ed], plan[ed], and implement[ed] projects which connect Ameritech employees to its [own] data network . . . ."). Accordingly, that case is inapposite.

Despite the clear statement in the regulations that the possible loss of money is insufficient to satisfy the administrative test (*see* Pl. Br. at 4-5), defendant continues to argue that "if plaintiff were to fail in his role, both Stiles and its customers stood to lose money and productivity." (D. O. Br. at 8). The Court should summarily reject this argument.

The Department of Labor has recognized that a project manager (*cf.* Pl. Counter-Statement ¶ 2) is not necessarily exempt. *See* Nov. 5, 1999 Dep't of Labor Opinion Letter (attached hereto as Exhibit A), stating that a senior network administrator/project manager was not an exempt administrative employee because his position did not require the exercise of discretion and independent judgment, nor could he make decisions free from direction or supervision "with respect to matters of significance and consequence." That analysis applies with equal force to Wilson because he did not exercise discretion and independent judgment; he merely applied his technical knowledge in servicing the machines Stiles sold. *See* Reply Declaration of Furgus Wilson (attached hereto as Exhibit B) ¶ 6. *See also* 29 C.F.R. § 541.207(c)(1) (2000) (discussing distinction between discretion/independent judgment and mere application of technical knowledge).

Accordingly, the Court should find that Wilson was not an exempt administrative employee.

## II. Stiles Employed Plaintiff for a Fixed Workweek

Relying on a Fifth Circuit decision, defendant argues that Wilson bears the burden of proof on the fluctuating workweek ("FWW") issue. (D. O. Br. at 12). The First Circuit, however, specifically declined to decide who bears the burden on that issue. *O'Brien v. Town of Agawam,* 350 F. 3d 279, 288 n.17 (1st Cir. 2003). *Cf. Mayhew v. Wells*, 125 F.3d 216, 219 (4th Cir. 1997) (FWW "places the burden on the employer to prove the 'clear mutual understanding' since the section otherwise acts as an exemption to the strict overtime requirements of FLSA"); *Dingwall v. Friedman Fisher Assoc.*, 3 F. Supp. 2d 215, 221 (N.D.N.Y. 1998) (the FWW is an "exception to the normal rights of the employee, and thus the employer bears the burden of proving that all the requirements for applying the method are present"); *Local 359 Gary Firefighters v. City of Gary, Indiana*, 1995 U.S. Dist. LEXIS 21729, *11 (N.D. Ind. Aug. 17, 1995) (the FWW is an "exception" to the FLSA on which the employer bears the burden of proof).

Defendant relies on *Valerio v. Putnam Assoc. Inc.,* 173 F.3d 35 (1st Cir 1999), to argue that the Wilson and Stiles had a clear mutual understanding about the FWW. (D. O. Br. at 12-13). In *Valerio*, however, defendant specifically told the plaintiff that her hours would be "8:30 to whatever." *Id.* at 39. Here, in contrast, two of Stiles management employees told Wilson he was to work a fixed 55-hour week. *See* Pl. Counter-Statement ¶ 26.

Defendant seeks to rely on the affidavit of Darci Corner to argue that the parties had a clear and mutual understanding about the FWW. (D. O. Br. at 13, n.5.) Ms.

Corner, however, had absolutely no recollection of any conversations with Wilson. *See* D. O. Br. Ex. 1 ¶ 4; Corner Tr. at 20:1-5, 22:9-20 (attached hereto as Exhibit C).

Moreover, plaintiff, in *Valerio* did not complain about the lack of overtime. 173 F.3d at 39. Here, in contrast, Wilson did complain about Stiles' failure to pay him overtime. *See* Pl. Br. at 17. *Cf.* Corner Tr. at 20:1-5.

Accordingly, the Court should find that Stiles employed Wilson for a fixed workweek.

## III. Plaintiff is Entitled to Liquidated Damages

Amazingly, defendant argues that its good faith is evidenced by the fact that the regulations specifically identify project managers as an example of exempt employees. (D. O. Br. at 17, *citing* 29 C.F.R. § 541.203(c).) Clearly demonstrating defendant's lack of good faith is the fact that this section of the regulations did not exist until August 23, 2004 -- many years after Stiles misclassified Wilson. Thus, Stiles could not have relied upon it in misclassifying Wilson as exempt.

Defendant cites to the affidavit of its in-house counsel, Michael Callahan, to argue that it acted in good faith. As stated in plaintiff's moving brief, however, in response to plaintiff's interrogatory requesting defendant to set forth all facts upon which it based its good faith defense, defendant merely paraphrased the administrative test. (*See* Pl. Br. at 19-20). Defendant did not identify the alleged facts set forth in Callahan's affidavit, nor identify Mr. Callahan as the person who made the determination. Had defendant done so, plaintiff certainly would have deposed Mr. Callahan. Accordingly, the Court should reject the statements in Callahan's affidavit.

Defendant relies upon *Adkins v. Mid-American Growers, Inc.*, 167 F.3d 355 (7th Cir. 1999) (incorrectly cited by defendant as 167 F.3d 335), to argue that liquidated damages are appropriate "only if the employer had no reasonable basis for taking the position he did." (D. O. Br. at 16). *Adkins*, however, dealt with an entire enterprise that was covered by the agricultural exemption, not a single employee who the employer claims was an exempt administrative employee. *Cf.* 29 U.S.C. § 213(b)(12). Indeed, almost one hundred percent of the defendant's business fell "uncontroversially" within the agricultural exemption.

The *Adkins* court remanded the issue of liquidated damages (along with other issues) to the district court, and noted that liquidated damages were proper in that case only if Mid-America "had no reasonable basis for believing itself completely exempt from the FLSA . . ." *Id.* at 359 (emphasis added). In other cases, the Seventh Circuit has held that the employer bears a "substantial" burden in attempting to defeat liquated damages, that liquidated damages are the norm, single damages the exception, and that there is a "strong presumption under the statute in favor of doubling." *See, e.g., Jackson v. Go-Tane Svcs., Inc.*, 56 Fed. Appx. 267, 273 (7th Cir. 2003) (describing employer's burden as "substantial"); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) (presumption in favor of double damages; double damages the norm); *Shea v. Galaxie Lumber and Construction Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998) (strong presumption in favor of doubling; doubling is norm).

Defendant also cites *Bratt*, 912 F.2d 1066, to argue against liquidated damages, but the *Bratt* court's affirmation of the district court's refusal to award liquidated

damages was based, in part, on the fact that the regulations do not address government employees. 912 F.2d at 1072. That simply does not apply here.

Indeed, this court has recognized the presumption in favor of liquidated damages. In *Petteruti v. Atwood Motors*, 1983 WL 2151, *6 (D.R.I. 1983), the court held that a court may refuse to award liquidated damages "only when the employer has met the plain and substantial burden of . . . proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict."

In *Melanson v. Rantoul*, 536 F. Supp. 271 (D.R.I. 1982), the court explained that defendant must make two showings to avoid liquidated damages – good faith and reasonable grounds for believing it was complying with the FLSA. The court then noted that, "[a]mbiguous or complex legal requirements may provide reasonable grounds for an employer's good faith, but erroneous, belief that it is in conformity with the Act" will not. *Id.* at 292. *See also id.* (describing defendant's burden as "substantial" and "very difficult"). Here, Stiles cannot identify any ambiguous or complex legal issues; the best it can do is show that it erroneously believed Wilson was an administrative employee. That, however, is <u>not</u> sufficient to relieve Stiles of the obligation to pay liquidated damages.

Accordingly, the Court should award plaintiff liquidated damages.

## IV. **<u>Defendant Willfully Violated the FLSA</u>**.

As stated in Wilson's original brief, despite having knowledge that Wilson was performing an inordinate amount of non-exempt labor, Stiles took no action to determine exactly how much such work he was performing. Pl. Counter-Statement ¶¶ 29, 30, 54 &

56. Nor did Stiles take any steps to limit the amount of non-exempt work Wilson performed. *Id.* ¶¶ 54 & 56. Thus, Stiles showed reckless disregard for whether its conduct violated the FLSA.

Accordingly, the Court should find that Stiles willfully violated the FLSA.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgment, the Court should deny defendant's motion and grant plaintiff's motion for summary judgment in all respects.

Dated: July 17, 2006

Respectfully submitted,

Jeffrey D. Pollack (JP-1409)
Mintz & Gold LLP
470 Park Ave. So., 10th Fl. – North
New York, NY 10016
(212) 696-4848
(212) 696-1231 (facsimile)

Thomas Cronin
Gunning & LaFazia, Inc.
56 Pine St. – 7th Fl.
Providence, RI 02903
(401) 521-6900
(401) 521-6901 (facsimile)

Attorneys for Plaintiff