# EXHIBIT A

Wage and Hour Division
United States Department of Labor

Opinion Letter
Fair Labor Standards Act (FLSA)
November 5, 1999

***

This is in response to your letter requesting an opinion as to whether a senior network administrator/**project manager** would qualify as an exempt administrative employee or an exempt "learned" or "computer" professional employee under section 13(a)(1) of the Fair Labor Standards Act (FLSA).

You state the senior network administrator/**project manager** assists the User Support **Manager** with **projects**; assumes responsibility for network activities, and oversees other Information Technology Department (ITD) personnel; performs computer hardware, software, Novell 4.11 and other operating system installations, tuning, troubleshooting and system integration of related components; maintains assigned priorities and prepares status reports; schedules work pertaining to network problems and software upgrades; assists the User Support Manager with training and mentoring of staff; and researches and assists the User Support Manager with network problem solving.

Section 13(a)(1) of the Fair Labor Standards Act (FLSA) provides a minimum wage and overtime pay exemption for any employee employed in a bona fide executive, administrative, professional, or outside sales capacity, as those terms are defined in Regulations, 29 CFR Part 541 (copy enclosed). In order to qualify for exemption under section 13(a)(1), an employee must meet all of the pertinent tests relating to duties, responsibilities and salary, as discussed in the appropriate section of the regulations

An employee who is paid on a salary or fee basis of at least $250 per week may qualify for exemption as a bona fide administrative employee if the employee's primary duty is office or nonmanual work directly related to management policies or general business operations of his/her employer or his/her employer's customers, which includes work requiring the exercise of discretion and independent judgment.

An employee who is paid on a salary or fee basis of at least $250 per week may qualify for exemption as a bona fide professional employee if the employee's primary duty consists of the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes, and whose work requires the consistent exercise of discretion and judgment in its performance.

A "prolonged course of ... study" has generally been held to include only those employees who have acquired at least a baccalaureate degree or its equivalent which includes an intellectual discipline in a particular course of study as opposed to a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

general academic course otherwise required for a baccalaureate degree. Work that can be performed by employees with education and training which is less than that required for a bachelor's degree typically would not be work of a bona fide professional level within the meaning of the regulations.

The exercise of discretion and independent judgment, in general, involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after various possibilities have been considered. The term implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance. An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether an object falls into one or another of a number of definite grades, classes, or other categories is not exercising discretion and independent judgment within the meaning of section 541.2, even if there is some leeway in reaching a conclusion.

The senior network administrator/**project manager**, as described, does not appear to meet either the administrative exemption or the professional exemption as a "learned professional" because, among other concerns, the performance of his/her job does not require the exercise of discretion and independent judgment as required by the regulations. Based on the information submitted, it appears that most of the work of the senior network administrator/**project manager** involves the use of skills and the application of known standards or established procedures, as distinguished from work requiring the exercise of discretion and independent judgment. In addition, the information submitted does not demonstrate that this employee has the authority to make independent choices, free from immediate direction or supervision, with respect to matters of significance and consequence. It is, therefore, our opinion that the senior network administrator/**project manager** would not qualify for exemption as an administrative employee or as a "learned" professional employee.

An employee who is paid on a salary or fee basis of at least $250 per week, or on an hourly basis of at least $27.63, may qualify for exemption as a bona fide professional employee if the employee's primary duty is work that requires theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering and who is employed and engaged in these activities as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker in the computer software field, as provided in section 541.303 of the regulations.

Section 541.303 makes it clear that employees who qualify for this exemption are highly-skilled in computer systems analysis, programming, or related work in software functions. Examples of such employees include computer programmer, systems analyst, computer systems analyst, computer programmer analyst, applications programmer, applications systems analyst, applications systems analyst/programmer, software engineer, software specialist, systems engineer, and systems specialist. Job titles alone, however, are not the determining factor for exemption under section 541.3(a)(4). An employee's primary duty must consist of 1) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; 2) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; 3) the design, documentation, testing, creation or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

modification of computer programs related to machine operating systems; or 4) a combination of the above duties, the performance of which requires the same level of skills.

It appears from the information given that the senior network administrator/**project manager** is not engaged in determining hardware/software, or system functional specifications; or designing, developing, documenting, analyzing, creating testing, or modifying computer systems or programs as required by the regulations. The job duties as described in your letter would not qualify such individual for the professional exemption as a "computer" professional employee. The senior network administrator/**project manager** must, therefore, be paid in accordance with the minimum wage and overtime requirements of the FLSA.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein.

We trust this information is responsive to your inquiry.

Sincerely,

Daniel F. Sweeney

Office of Enforcement Policy

Fair Labor Standards Team

Enclosure

1999 WL 33210907 (DOL WAGE-HOUR)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.