UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FURGUS WILSON,<br><br>Plaintiff,<br><br>v.<br><br>STILES MACHINERY, INC.,<br><br>Defendant. | Case No. 1:05-CV-00324 WES<br><br>Hon. William E. Smith |

**STIPULATION AND ORDER FOR CONSENT JUDGMENT**

Plaintiff, Furgus Wilson, and Defendant, Stiles Machinery, Inc., stipulate that they have resolved this matter to their mutual satisfaction and agree that the Court may enter a Consent Judgment in accordance with this Stipulation:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. In his Complaint, Plaintiff alleged that Defendant failed to pay him overtime compensation for overtime hours worked, in violation of the FLSA. Defendant filed an Answer denying all liability and raising Affirmative Defenses.

3. Plaintiff Wilson was employed by Defendant as a salaried Project Manager.

4. During his employment with Defendant, Plaintiff would typically work over 40 hours per week. Because he was paid on a salary basis, Plaintiff received no overtime pay.

5. Plaintiff alleges in this lawsuit that he was a non-exempt employee and that he should have received overtime pay for hours worked over 40 per week. Defendant states that owing to his job responsibilities Plaintiff was exempt under the FLSA from being entitled to overtime pay.

6. The parties have a good-faith dispute over various legal and factual issues in this case, including the critical issue as to whether Plaintiff's job duties were such that Defendant could properly characterize Plaintiff as an exempt employees under the FLSA.

7. On September 18, 2006, the parties participated in a settlement conference conducted by Magistrate Judge Almond. During the course of that conference the parties agreed to a resolution of this action.

8. The parties have fully evaluated the risks of litigation and the likelihood of success on the issues described above, and in light of those factors the parties agree that the resolution described below is fair to all parties.

9. The terms of this agreement are set forth in an Acknowledgment of Settlement and General Release, which has been submitted to the Court for *in camera* review. The terms of this Agreement represent a fair resolution of Plaintiff's claims.

Dated: October 27, 2006

Thomas J. Cronin
GUNNING & LAFAZIA, INC.
56 Pine St. – 7th Fl.
Providence, RI 02903
(401) 521-6900
(401 521-6901 facsimile

Dated: October 24, 2006

Jeffrey D. Pollack
MINTZ & GOLD LLP
470 Park Avenue South
New York, New York 10016
(212) 696-4848
(212) 696-1231 facsimile

Attorneys for Plaintiff

Dated: October 30, 2006

Michael F. Kraemer
Hinckley Allen & Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 facsimile

Dated: ~~October~~ Nov. 2, 2006

Paul T. Sorensen
WARNER NORCROSS & JUDD LLP
111 Lyon Street, N.W., Suite 900
Grand Rapids, Michigan 49503
(616) 752-2000
(616) 222-2135 facsimile

Attorneys for Defendant

**ORDER**

The Court having read the Stipulation for Consent Judgment entered into by the parties, and being convinced that the proposed judgment is fair to Plaintiff. It is ORDERED that JUDGMENT is hereby entered in accordance with the terms of the Stipulation.

Dated: 11/20, 2006

Hon. William E. Smith